```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GRACE GILSON, ET AL.                        CIVIL ACTION

VERSUS                                      NO: 06-9663

ALLSTATE INSURANCE CO., ET                  SECTION: "A" (3)
AL.
```

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by plaintiffs Grace Gilson and Christine Gilson.  Defendant Allstate Insurance Co. ("Allstate") opposes the motion.  The motion, set for hearing on January 10, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiffs initiated this suit in state court against Allstate and Glen Liuzza d/b/a Glen Liuzza Agency ("Liuzza").  Plaintiffs seek recovery under a homeowner's policy originally issued by Allstate in 1999.  Liuzza procured the policy for Plaintiffs and the most recent renewal occurred in February 2005.  Plaintiffs claim that Allstate has underpaid their claim for wind damage to their residence and damage to their personal property resulting from the rain soaked interior.  Plaintiffs claim that Liuzza has rebuffed their requests for help with the claim and also failed to advise them about proper coverage for their property.  Christine

Gilson claims that mold and debris in the insured property have aggravated her asthma and that Allstate's continued delay in paying the claim has exacerbated the situation. (Pet. ¶ 16). Plaintiffs filed the instant suit on August 29, 2006. Plaintiffs and Liuzza are all Louisiana citizens.

Allstate removed the case asserting that Plaintiffs had added Liuzza to this suit solely to defeat federal jurisdiction.

**II.   DISCUSSION**

Allstate argues that Plaintiff has improperly joined Liuzza because 1) Plaintiff's claims against Liuzza are perempted, 2) Louisiana law does not provide a cause of action against Liuzza under the facts alleged, and 3) Plaintiff has misjoined the claims against Allstate and Liuzza in this lawsuit.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp.,

2

855 F.2d 1160, 1164 (5th Cir.1988)).

In <u>Luckett v. Delta Airlines, Inc.</u>, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  <u>Id.</u> (citing <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

<u>Id.</u> (citing <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiffs' petition. Plaintiffs allege significant wind and rain damage to the home but they do not allege that Allstate had denied the claim in its entirety.  Rather, their claim is that Allstate has underpaid their losses by approximately $30,000.  (Pet. ¶ 12).  Plaintiffs are seeking penalties and attorney's fees but even with such an award

3

factored in the Court cannot conclude that the amount in controversy exceeds $75,000 given the amount of coverage in controversy. Further, although Christine Gilson is seeking additional damages for aggravation to her asthma condition, the Court has no basis to conclude that her symptoms are so severe as to allow the Court to conclude that the jurisdictional minimum is met. Christine Gilson is not claiming permanent and debilitating personal injuries and given the sparsity of the allegations in the petition she might very well have endured very mild symptoms for a limited duration. The Court must determine all factual issues in Plaintiffs' favor at this stage and must resolve all doubts in favor of remand.

In sum, Allstate has failed to meet its burden of establishing that the amount in controversy is satisfied.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by plaintiffs Grace Gilson and Christine Gilson should be and is hereby **GRANTED**. This matter is remanded to the state court from which it was removed pursuant to 28 U.S.C. 1447(c) due to lack of subject matter jurisdiction.

January 22, 2007

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE